Arusi R. Loprinzi, OSB No. 033815
*aloprinzi@k-hlaw.com*
111 SW Fifth Avenue, Suite 1775
Portland, OR 97204
Phone: 503.796.0909
Fax: 503.802.4757
  Of Attorneys for Co-Defendant, FIA Card Services

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LAWRENCE JAMES SACCATO,<br><br>               Plaintiff, Pro Se<br><br>v.<br><br>DANIEL N. GORDON P.C.,<br><br>               Defendant,<br><br>FIA CARD SERVICES,<br>a.k.a. Bank of America,<br><br>               Co-Defendant. | Case No. 10-6111-HO<br><br>**DEFENDANT FIA CARD SERVICES, N.A.'S ANSWER**<br><br>**JURY TRIAL REQUESTED** |

## ANSWER

    Defendant FIA Card Services, N.A. (herein referred to as "Defendant"), erroneously sued herein as "FIA Card Services, a.k.a. Bank of America," hereby answers Plaintiff Lawrence James Saccato's ("Plaintiff") Complaint as follows:

1.

    Answering line 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

Page 1   **DEFENDANT FIA CARD SERVICES, N.A.'S ANSWER**

2.

Answering line 2 of the Complaint, Defendant states that these are legal conclusions to which no response is required.

3.

Answering line 3 of the Complaint, Defendant states that no response is required.

4.

Answering lines 4 through 9 of the Complaint, Defendant denies that it is a wholly owned subsidiary of Bank of America. Defendant admits that it reports to the national credit reporting agencies and that it issues credit accounts. Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them. Further, these lines contain legal conclusions to which no response is required.

5.

Answering lines 10 and 11 of the Complaint, Defendant states that these are legal conclusions to which no response is required.

6.

Answering lines 12 and 13 of the Complaint, Defendant states that Plaintiff did have a credit account with Defendant.

7.

Answering lines 14 and 15 of the Complaint, Defendant states that Plaintiff's credit account with Defendant is at issue in this action.

8.

Answering lines 15 through 18 of the Complaint, Defendant denies these allegations.

9.

Answering lines 19 through 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis,

denies them.

10.

Answering lines 22 through 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

11.

Answering lines 28 through 30 of the Complaint, Defendant denies that Plaintiff never had any business relationship with Defendant.  Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

12.

Answering lines 32 through 42 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

13.

Answering lines 43 through 47 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

14.

Answering line 48 of the Complaint, Defendant denies that it is erroneously reporting any information to the credit reporting agencies.

15.

Answering lines 49 through 52 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

16.

Answering lines 53 through 62 of the Complaint, Defendant denies that it erroneously reported any information to the credit reporting agencies, and further denies that it violated the Fair Credit Reporting Act.  Except as stated, Defendant states that these lines contain legal conclusions to which no response is required.

17.

Answering line 63 of the Complaint, Defendant denies that Plaintiff is entitled to any damages or judgment.

18.

Answering line 64 of the Complaint, Defendant incorporates by reference its responses to lines 1 through 63.

19.

Answering lines 67 through 108 of the Complaint, Defendant states that these are legal conclusions to which no response is required.

20.

Answering lines 109 through 113 of the Complaint, Defendant denies reporting erroneous and inaccurate information to the credit reporting agencies.  Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

21.

Answering line 114 of the Complaint, Defendant denies that Plaintiff is entitled to any damages or judgment.

22.

Answering line 115 of the Complaint, Defendant incorporates by reference its responses to lines 65 through 114.

23.

Answering the first sentence of line 117 of the Complaint, Defendant denies these allegations.

24.

Answering lines 117 through 124 of the Complaint, Defendant states that these are legal conclusions to which no response is required.

25.

Answering lines 125 and 126 of the Complaint, Defendant denies that it violated the Fair Credit Reporting Act or provided inaccurate and erroneous information to the credit reporting agencies. Defendant also denies that Plaintiff is entitled to any damages or judgment.

26.

Answering line 127 of the Complaint, Defendant incorporates by reference its responses to lines 116 through 127.

27.

Answering lines 130 through 171 of the Complaint, Defendant states that these are legal conclusions to which no response is required.

28.

Answering lines 172 and 173 of the Complaint, Defendant denies that Plaintiff is entitled to any damages or judgment and denies that it incorrectly reported Plaintiff's account to the credit reporting agencies.

29.

Answering line 174 of the Complaint, Defendant incorporates by reference its responses to lines 128 through 174.

30.

Answering lines 176 and 177 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis,

denies them.

31.

Answering lines 178 and 179 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

32.

Answering lines 180 through 187 of the Complaint, Defendant states that these are legal conclusions to which no response is required.

33.

Answering lines 188 through 190 of the Complaint, Defendant denies these allegations.

34.

Answering lines 191 through 197 of the Complaint, Defendant states that these are legal conclusions to which no response is required.

35.

Answering lines 198 through 201 of the Complaint, Defendant Denies these allegations.

36.

Answering line 202 of the Complaint, Defendant incorporates by reference its responses to lines 175 through 201.

37.

Answering the first sentence of line 204 of the Complaint, Defendant denies these allegations.

38.

Answering lines 204 through 208 of the Complaint, Defendant states that these are legal conclusions to which no response is required.

39.

Answering line 209 of the Complaint, Defendant incorporates by reference its responses

to lines 203 through 208.

40.

Answering lines 210 through 233 of the Complaint, Defendant denies violating the Fair Credit Reporting Act, and further denies that Plaintiff is entitled to any damages or judgment.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

41.

Plaintiff fails to allege sufficient facts to state any claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Estoppel)

42.

Plaintiff's claims are barred by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
(Laches)

43.

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

44.

Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
(Innocent Mistake/Bona Fide Error)

45.

Any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, are the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## SIXTH AFFIRMATIVE DEFENSE
(Remedial Measures)

46.

Any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were corrected upon discovery.

## SEVENTH AFFIRMATIVE DEFENSE
(Waiver)

47.

Plaintiff has waived any and all claims, rights and demands made by him in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
(Contribution)

48.

Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## NINTH AFFIRMATIVE DEFENSE
(Lack of Malice)

49.

Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff or others.

## TENTH AFFIRMATIVE DEFENSE
(Statutes of Limitations)

50.

Plaintiff's claims are barred by all applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE
(Fault of Others)

51.

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
(Intervening Acts)

52.

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Several Liability)

53.

Should Plaintiff prevail against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Choice of Law)

54.

Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with federal choice of law rules.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Punitive Damages)

55.

Plaintiff's demand for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

56.

Defendant has insufficient knowledge or information as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;

2. That the Complaint be dismissed with prejudice;

3. For its costs of suit herein;

4. For attorneys' fees according to proof; and

5. For such other and further relief as this Court may deem just and proper.

DATED:  July 8, 2010.

        KIVEL & HOWARD LLP


By: /s/ Arusi R. Loprinzi
    Arusi R. Loprinzi, OSB No. 033815
    *aloprinzi@k-hlaw.com*
    111 SW Fifth Avenue, Suite 1775
    Portland, OR 97204
    Phone: 503.796.0909
    Fax: 503.802.4757
        Of Attorneys for Defendant
        FIA Card Services

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2010, I served a true copy of the foregoing **DEFENDANT FIA CARD SERVICES, N.A.'S ANSWER** on the following person(s):

Lawrence James Saccato
6387 Old Hwy 99 S
Roseburg, OR 97471
 Plaintiff Pro Se

By the following indicated method:

☐ by **mailing** full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the attorney(s) at the address set forth above and deposited with the United States Postal Service on the date set forth below.

☐ by **electronically mailing** full, true and correct copies to the attorney(s) set forth above on the date set forth below.

☒ by electronic delivery of full, true and correct copies through the court's **EM/ECF** system to the attorney(s) set forth above on the date set forth below.

☐ by causing full, true and correct copies thereof to be **hand delivered** to the attorney(s) at the address set forth above on the date set forth below.

☐ by **facsimile** transmission of full, true and correct copies on the date set forth below.

DATED: July 8, 2010

KIVEL & HOWARD LLP

By: /s/ Arusi R. Loprinzi
Arusi R. Loprinzi, OSB No. 033815
*aloprinzi@k-hlaw.com*
111 SW Fifth Avenue, Suite 1775
Portland, OR 97204
Phone: 503.796.0909
Fax: 503.802.4757
 Of Attorneys for Defendant, FIA Card Services