FILED '10 JUL 21 13:08 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LAWRENCE J. SACCATO,

       Plaintiff,           Civil No. 10-6111-HO

       v.                   ORDER ADVISING PLAINTIFF
                              OF FEDERAL SUMMARY
DAN N. GORFDON, et al.,      STANDARDS

       Defendants.

HOGAN, District Judge.

### NOTICE - WARNING

*This Notice is Required to be Given
to You by the Court*

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -

1 - ORDER ADVISING PLAINTIFF OF FEDERAL SUMMARY JUDGMENT
    STANDARDS.

that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Local Rule 65 of the District Court also requires, in addition, that you include as a part of your opposition to a motion for summary judgment a response to the moving party's separate concise statement that responds to each numbered paragraph of the moving party's facts by: 1) accepting or denying each fact contained in the moving party's concise statement; or 2) articulating opposition to the moving party's contention or interpretation of the undisputed material fact. After responding to the movant's numbered paragraphs, the responding party may then articulate other relevant material facts which are at issue, or are otherwise necessary for the

2 - ORDER ADVISING PLAINTIFF OF FEDERAL SUMMARY JUDGMENT
    STANDARDS.

court to determine the motion for summary judgment.

For purposes of a motion for summary judgment, material facts set forth in the concise statement of the moving party will be deemed admitted unless specifically denied, or otherwise controverted by a separate concise statement of the opposing party. Local Rule 65(f).

DATED this 21st day of July, 2010

Michael R. Hogan
United States District Judge

3 - ORDER ADVISING PLAINTIFF OF FEDERAL SUMMARY JUDGMENT STANDARDS.